IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

```
KWASHAAD COOK,                       *
                                     *
     Plaintiff,                      *
                                     *
          v.                         *     CV 619-109
                                     *
JUAN JOSE MONTANEZ and SWIFT         *
TRANSPORTATION CO. OF                *
ARIZONA, LLC,                        *
                                     *
     Defendants.                     *
```

**O R D E R**

Before the Court is Defendants' Juan Jose Montanez and Swift Transportation Co. of Arizona, LLC's ("Swift") motion to dismiss for lack of personal jurisdiction and venue. (Doc. 8.) For the following reasons, the motion is granted.

**I.   BACKGROUND**

This case arises out of a motor vehicle accident that took place on May 20, 2018 in Glendale, California. (See Am. Compl., Doc. 6, ¶ 7.) On that date, Defendant Montanez's freightliner struck the driver's side of Plaintiff Kwashaad Cook's car when Montanez crossed into Plaintiff's lane of travel, causing serious injury to Plaintiff. (See id., ¶¶ 9-11.) Montanez was an employee of Swift at the time. (See id., ¶ 8.)

Plaintiff is a resident of Tattnall County, Georgia. (See id., ¶ 1.) Montanez is a resident of Shafter, California. (See id., ¶ 2.) Swift is a limited liability company with its principal place of business in Phoenix, Arizona, and retains a registered agent for service of process in Marietta, Georgia. (See id., ¶ 3.) The Amended Complaint does not make any allegations regarding Swift's place of incorporation, but the Parties do not dispute that Swift is incorporated in Delaware. (See Pl.'s Resp., at 1-2; Doc. 10, at 6.)

Plaintiff asserts negligence claims against Montanez and seeks to hold Swift vicariously liable. Plaintiff claims that diversity jurisdiction exists. (See id., ¶ 5.) Defendants now move to dismiss for lack of personal jurisdiction and improper venue. Additionally, Plaintiff voluntarily dismissed Defendant Montanez in his response to the motion. (See Pl.'s Resp., Doc. 9, at n. 1.)

## II.  LEGAL STANDARD

"In the context of a motion to dismiss for lack of personal jurisdiction in which no evidentiary hearing is held, the plaintiff bears the burden of establishing a prima facie case of jurisdiction over the movant, nonresident defendant." Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir. 1988). A plaintiff can establish a prima

2

facie case by presenting "enough evidence to withstand a motion for directed verdict." Madera v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990). This in turn requires the party to present "substantial evidence . . . of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions . . . ." Walker v. Nations Bank of Florida, 53 F.3d 1548, 1554 (11th Cir. 1995). The facts presented in the plaintiff's complaint are taken as true to the extent they are uncontroverted. See Morris, 843 F.2d at 492. If, however, the defendant submits affidavits challenging the allegations in the complaint, the burden shifts back to the plaintiff to produce evidence supporting jurisdiction. See Diamond Crystal Brands, Inc. v. Food Movers Int'l., Inc., 593 F.3d 1249, 1257 (11th Cir. 2010). If the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff. See id. (citing Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir. 2002)).

To determine whether a nonresident defendant is subject to personal jurisdiction, the Court must perform a two-part analysis. See id. at 1257-58. Jurisdiction must "(1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment . . . ." Id. (quotation omitted).

The Eleventh Circuit has held that "the Georgia long-arm statute does not grant courts in Georgia personal jurisdiction that is coextensive with procedural due process," but instead "imposes independent obligations that a plaintiff must establish for the exercise of personal jurisdiction that are distinct from the demands of procedural due process." Id. at 1259. "[C]ourts must apply the specific limitations and requirements of O.C.G.A. § 9-10-91 literally and must engage in a statutory examination that is independent of, and distinct from, the constitutional analysis to ensure that both, separate prongs of the jurisdictional inquiry are satisfied." Id. at 1263.

### III. DISCUSSION

Swift focuses its jurisdictional argument on the Constitutional Due Process analysis. There are two types of personal jurisdiction: specific jurisdiction and general jurisdiction. See Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011). Specific jurisdiction "depends on an affiliation[n] between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." Id. (alteration original) (quotation omitted). Specific jurisdiction limits courts' jurisdiction to adjudicating only the controversy establishing the jurisdiction. See id. Because the

4

underlying controversy in this case was a motor vehicle accident in California, there is no affiliation between the controversy and Georgia and no specific jurisdiction. This leaves general jurisdiction.

"A court may assert general jurisdiction over foreign . . . corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." Id. (quoting Int'l Shoe Co. v. Wash. Office of Unemployment Comp. & Placement, 326 U.S. 310, 317 (1945)). A corporation is regarded as "at home" in the state it is incorporated in and in the state where its principal place of business is located. See Daimler A.G. v. Bauman, 571 U.S. 117, 137 (2014). However, those are not the only possible locations where a corporation may be subject to general jurisdiction. See id. ("Goodyear did not hold that a corporation may be subject to general jurisdiction *only* in a forum where it is incorporated or has its principal place of business; it simply typed those places paradigm all-purpose forums."). When a corporation's affiliations with a state are so "continuous and systematic" that they are essentially at home in the state, general jurisdiction is appropriate. Id. at 127 (quoting Goodyear, 564 U.S. at 919.

Because Swift is neither incorporated in Georgia nor does it maintain its principal place of business here, the Court must

5

consider whether Swift's affiliations with Georgia are so continuous and systematic that it is essentially at home in Georgia. This inquiry "calls for an appraisal of a corporation's activities in their entirety" because "[a] corporation that operates in many places can scarcely be deemed at home in all of them." Id. at 139 n.20.

The Amended Complaint contains few allegations regarding Swift's affiliation with Georgia. In paragraph three it alleges that Swift maintains an agent in Marietta, Georgia. Plaintiff's response also states that Swift operates a terminal network in Decatur, Georgia, an academy in Waco, Georgia, and has semi-trucks traveling throughout Georgia on a daily basis. (See Pl.'s Resp., at 5.)

Even considering the statements outside the Amended Complaint, Swift cannot be said to be "at home" in Georgia. Swift's operations described above can be compared to those of the railway company in BNSF Ry. Co. v. Tyrell, 136 S. Ct. 1549, 1559 (2017). In that case, the Supreme Court ruled that even though the railway company had over 2,000 miles of track and over 2,000 employees in Montana, those contacts with the state were insufficient to subject it to general jurisdiction. See id. Put succinctly, "in-state business . . . does not suffice to permit the assertion of general jurisdiction over claims like [plaintiffs'] that are unrelated to

6

any activity occurring in the [state]." Id. Thus, the Court lacks personal jurisdiction over Swift.

## IV.  CONCLUSION

Because the Court lacks personal jurisdiction over Swift, it need not address Swift's venue argument.  Plaintiff voluntarily dismissed Defendant Montanez.  Accordingly, the motion to dismiss (Doc. 8) is **GRANTED**, and Plaintiff's case is dismissed without prejudice.  Further, Plaintiff's request for additional discovery on Swift's affiliations with Georgia (See Pl.'s Resp., at 6) is **DENIED**.  The Clerk is directed to **TERMINATE** all remaining motions and deadlines, if any, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia this 12th day of May, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA